

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DERRICK J. ELLERBE : CIVIL ACTION

v.

THE UNITED STATES GOVERNMENT : NO. 14-5041
et al.

## MEMORANDUM

PRATTER, J.                                           SEPTEMBER 5, 2014

    Plaintiff Derrick J. Ellerbe initiated this action by filing an "'Emergency' criminal complaint pursuant to R. Crim. P. & Rule 3," an "Action for Declaratory Judgment Pursuant to 28 U.S.C.A. § 2201 Complaint," and an "'Emergency Motion' for Preliminary Injunction Pursuant to Pa. R.C.P. 1531; and pursuant to Fed. R. Civ. P & Rule 65(b)(1)(A) and Rule 65(b)(3)," all of which are based on his belief that the federal, state and local governments are conspiring against him. He also seeks leave to proceed *in forma pauperis*. The Court will grant Mr. Ellerbe leave to proceed *in forma pauperis*, dismiss his complaints, and deny his motion.

### I.    FACTS

    The gist of Mr. Ellerbe's "'Emergency' Criminal Complaint" is that federal, state and local governmental departments and agencies are engaged in a "criminal conspiracy" against him that is primarily being driven by the United States Postal Service. Mr. Ellerbe was arrested on April 2, 2013 and incarcerated for a period of time even though he claims he was not charged with a crime.[1] He claims that government agents posed as his court-appointed attorney, that the

---

[1] To the contrary, a publicly available docket reflects that Mr. Ellerbe was charged with contempt for violating an order or agreement, pursuant to 23 Pa. Cons. Stat. § 6114, but that he was found incompetent to proceed and the charge was ultimately dismissed. *See Commonwealth v. Ellerbe*, Docket No. MC-51-CR-0012725-2013 (Philadelphia Municipal Court).

1

state judge assigned to his criminal case treated him unfairly, and that he has been threatened with arrest if he returns to his residence. He lists numerous other grievances based on interactions with government officials including, among other things, that he is being denied access to the courts, that he was assaulted by a detective while incarcerated, that he did not receive a settlement after he was injured while riding a public bus, that complaints he filed in this district were not directed to a Magistrate Judge, and that government officials are illegally interfering with every aspect of his life. Mr. Ellerbe reported those facts to various government offices, including the U.S. Attorney's Office, and sought the initiation of criminal proceedings based on his allegations. However, none of the government offices investigated Mr. Ellerbe's allegations or initiated criminal proceedings based on his complaints. In his "criminal complaint"—which names the United States Government, the Commonwealth of Pennsylvania, and the City of Philadelphia as defendants—Mr. Ellerbe asks the Court to forward his allegations to a Magistrate Judge for the initiation of criminal proceedings against the defendants and/or their officials.

Mr. Ellerbe's complaint for declaratory relief seeks a declaratory judgment that several of his rights have been and continue to be violated in connection with the vast government conspiracy against him, as described in his criminal complaint. (*See* Action for Declaratory Judgment Pursuant to 28 U.S.C.A. § 2201 Complaint. ¶ 2 (seeking a judgment that Mr. Ellerbe was denied his constitutional rights because of a "massive and illegal, blatant conspiracy, orchestrated by the federal government and individuals employed by the government or conspiring with the government like the City of Philadelphia, the State of Pennsylvania, and all state courts including the Supreme Court of Pennsylvania.").) Mr. Ellerbe notes that this Court and the Third Circuit Court of Appeals are also part of the conspiracy against him. He believes

that the Clerk's Office is refusing to docket his filings, even though numerous cases and motions that he filed can be found on the Court's electronic filing system. He also believes that his filings have never been seen by a Judge because court employees have allegedly forged the Judge's signature in certain of his cases and/or because the Judge issued orders with an electronic signature. In addition to seeking a declaration that his rights have been violated by government entities, Mr. Ellerbe seeks a declaration that he is entitled to food stamps and other government benefits. In his motion for a preliminary injunction, Mr. Ellerbe reiterates that he seeks the initiation of criminal charges and an injunction prohibiting the federal government from violating his constitutional rights and otherwise mistreating him.

## II. STANDARD OF REVIEW

Mr. Ellerbe's motion to proceed *in forma pauperis* is granted because he has satisfied the requirements set forth in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) & (ii) require the Court to dismiss the complaints if they are frivolous or fail to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). To survive dismissal for failure to state a claim, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* As Mr. Ellerbe is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

The thrust of Mr. Ellerbe's complaints is that every branch of government on the federal, state, and local level are conspiring to harm him, torture him, harass him, and deprive him of his constitutional rights. Mr. Ellerbe appears to believe that this alleged "criminal conspiracy" is driven by the United States Postal Service. He attributes every adverse or unpleasant interaction with government authorities to this conspiracy, including his 2013 arrest and related incarceration, his interactions with government employees in the state and federal courts, and possibly an accident on a public bus. In light of "the vast power, scope, and complication of the whole alleged conspiracy," the Court concludes that Mr. Ellerbe's allegations are irrational and wholly incredible. *Caesar v. Megamillion Biggame Lottery*, 193 F. App'x 119, 121 (3d Cir. 2006) (per curiam); *see also D'Amario v. Weiner*, Civ. A. No. 12-6098, 2013 WL 622110, at *4 (D.N.J. Feb. 19, 2013) (finding complaint factually frivolous when plaintiff alleged that "for over two decades, every adverse decision on a civil complaint or petition he filed, or in connection with the federal criminal proceedings that led to his convictions, has been rigged by judges and other government officials").

Furthermore, public dockets suggest that several of Mr. Ellerbe's allegations lack a basis in fact. Despite his allegation that he was incarcerated without charges, a state court docket reveals that, after his arrest on April 2, 2013, Mr. Ellerbe was charged with contempt for violating an order or agreement in Philadelphia Municipal Court. *See Commonwealth v. Ellerbe*, Docket No. MC-51-CR-0012725-2013 (Philadelphia Municipal Court). Likewise, despite Mr. Ellerbe's belief that the Clerk's Office is not docketing his complaints, a review of the Court's electronic case filing system reflects numerous filings by Mr. Ellerbe. Indeed, since 2010, Mr. Ellerbe has filed fifteen civil actions, two habeas actions, and one miscellaneous action in this

Court. *See Ellerbe v. City of Phila.*, E.D. Pa. Civ. A. No. 14-4495; *Ellerbe v. U.S. Att'y for the E.D. Pa.*, E.D. Pa. Civ. A. No. 14-4494; *Ellerbe v. U.S. Postal Serv.*, E.D. Pa. Civ. A. No. 14-858; *Ellerbe v. City of Phila.*, E.D. Pa. Civ. A. No. 14-153; *Ellerbe v. U.S. Postal Serv.*, E.D. Pa. Civ. A. No. 14-152; *Ellerbe v. City of Phila.*, E.D. Pa. Civ. A. No. 13-7492; *Ellerbe v. Prothonotary – Ct. of Common Pleas*, E.D. Pa. Civ. A. No. 13-6430; *Ellerbe v. U.S. Postal Serv.*, E.D. Pa. Civ. A. No. 13-4600; *Ellerbe v. U.S. Postal Serv.*, E.D. Pa. Civ. A. No. 13-4599; *Ellerbe v. U.S. Postal Serv.*, E.D. Pa. Civ. A. No. 13-4598; *Ellerbe v. U.S. Postal Serv.*, E.D. Pa. Civ. A. No. 13-4077; *Ellerbe v. U.S. Dep't of Justice of the U.S. Gov't*, E.D. Pa. Civ. A. No. 12-6605; *Ellerbe v. U.S. Postal Serv.*, E.D. Pa. Civ. A. No. 12-1243; *Ellerbe v. U.S. Postal Serv. of the U.S. Gov't*, E.D. Pa. Civ. A. No. 11-7167; *Ellerbe v. Cnty. of Montgomery*, E.D. Pa. Civ. A. No. 10-4494; *see also Ellerbe v. Phila. Prison Sys.*, E.D. Pa. Civ. A. No. 13-5362 (habeas); *Ellerbe v. Phila. Prison Sys.*, E.D. Pa. Civ. A. No. 13-4496 (habeas); *Ellerbe v. City of Phila.*, Miscellaneous No. 14-23. Several of those cases were brought against the United States Postal Service, sought investigations or criminal charges, and/or were premised on Mr. Ellerbe's belief that he is the victim of a vast government conspiracy. To the extent Mr. Ellerbe has translated his dissatisfaction with Judges' rulings in those cases into a basis for a conspiracy that has bled into the federal courts, his claims are frivolous.[2]

Mr. Ellerbe's claims against the defendants are also legally meritless. There is no legal basis for Mr. Ellerbe to seek the initiation of criminal charges against any governments or government employees by filing a complaint in this Court. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (observing that a "private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 n.1 (3d Cir. 2013)

---

[2] Mr. Ellerbe did not prevail in most of his previously filed cases either because he failed to cure defects in his *in forma pauperis* motions or because his claims were meritless.

5

(per curiam) ("[T]here is no federal right to require the government to initiate criminal proceedings."); *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 636 (E.D. Pa. 2014) ("[I]t is today beyond all reasonable doubt that the prosecution of violations of federal criminal law in federal court is a function of the federal government, not private parties, and federal courts lack the power to direct the filing of criminal charges[.]" (citations, quotations, and alteration omitted)), *aff'd*, --- F. App'x ---, 2014 WL 3309172 (3d Cir. July 9, 2014) (per curiam). Indeed, Mr. Ellerbe has been repeatedly informed that he may not initiate a criminal case by filing a lawsuit. *See Ellerbe v. City of Phila.*, E.D. Pa. Civ. A. No. 14-4495 (Aug. 1, 2014 order); *Ellerbe v. U.S. Att'y for the E.D. Pa.*, E.D. Pa. Civ. A. No. 14-4494 (Aug. 7, 2014 order); *Ellerbe v. City of Phila.*, Miscellaneous No. 14-23 (Feb. 21, 2014 order).

To the extent he seeks declaratory or injunctive relief for violations of his constitutional rights, the Court cannot discern a plausible basis for a nonfrivolous claim against the defendants. Even leaving aside the fact that Mr. Ellerbe's claims are grounded in a fantastic conspiracy theory, the United States and the Commonwealth of Pennsylvania are immune from Mr. Ellerbe's civil rights claims. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) (explaining that 42 U.S.C. § 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties"). Furthermore, with the exception of the conspiracy theory, which this Court has rejected, the complaint does not explain how a municipal policy or custom is responsible for a violation of Mr. Ellerbe's rights. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978).

It is possible although not entirely clear, that Mr. Ellerbe could state a plausible basis for a claim against individual government officers or employees stemming from his treatment by police, his incarceration, or otherwise. Indeed, in a prior action that he filed, Mr. Ellerbe was given leave to file an amended complaint in the event he could state a claim based on his recent arrest, which he has not yet done. *See Ellerbe v. City of Phila.*, Civ. A. No. 14-4495 (August 1, 2014 order). However, in this action, Mr. Ellerbe is suing several governments based on a conspiracy theory that has no basis in fact and is primarily seeking a criminal investigation. As Mr. Ellerbe cannot cure the defects in his claims against the defendants, the Court will dismiss his complaints without leave to amend.

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Mr. Ellerbe's complaints. As Mr. Ellerbe is not likely to prevail on his claims, the Court will deny his motion for a preliminary injunction. An appropriate order follows, which shall be docketed separately.